UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAYMOND B. MCCOWAN,<br><br>    Plaintiff,<br><br>    v.<br><br>PAT HORN,<br><br>    Defendant. | Case No. 23-cv-01680-JST<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 2, 4 |

Petitioner, an inmate at California State Prison – Los Angeles,[1] filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Court GRANTS Petitioner leave to proceed *in forma pauperis*, ECF Nos. 2, 4; DISMISSES the petition for a writ of habeas corpus; and DENIES a certificate of appealability.

### BACKGROUND

On May 7, 2012, Petitioner was sentenced to a term of thirteen years in state prison in San Francisco County Superior Court after a jury found him guilty of kidnapping (Cal. Penal Code § 207(a)); domestic violence (Cal. Penal Code § 273.5(a)); assault with force likely to cause great bodily injury (Cal. Penal Code § 245(a)(1)); violation of a stay-away order (Cal. Penal Code § 166(c)(1)); and resisting, obstructing or delaying a peace officer in the performance of duty (Cal. Penal Code § 148(a)(1)).

---

[1] In accordance with Habeas Rule 2(a) and Fed. R. Civ. P. 25(d), the Clerk of the Court is directed to substitute Warden Pat Horn as respondent because he is Petitioner's current custodian.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name as respondent state officer having custody of him); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

United States District Court
Northern District of California

On May 9, 2013, Petitioner was sentenced to a total term of 36 years to life in San Mateo County Superior Court after a jury found him guilty of domestic violence (Cal. Penal Code § 273.5(a)), and assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), and found true that, in committing domestic violence, Petitioner used a deadly and dangerous weapon within the meaning of Cal. Penal Code § 12022(b)(1); and after the trial court found true six prior felony convictions in San Francisco and San Mateo Counties from 1982 to 1989 and determined that the domestic violence charge and the assault with a deadly weapon charge constituted serious felony strikes within the meaning of Cal. Penal Code § 1192.7(c)(23).  The sentence consisted of a three-strikes term of 25-years-to-life for the domestic violence count; a second 25-years-to-life term for the assault with a deadly weapon count stayed pursuant to Cal. Penal Code § 654; two five-year enhancements pursuant to Cal. Penal Code  § 667(a) for Petitioner's prior serious felony convictions; and an additional year for the weapon use.  *See McCowan v. Madden*, C No. 16-cv-02445 JST ("*McCowan I*"), ECF No. 55 at 1-2.  The San Mateo County Superior Court ordered that this sentence run concurrent to Petitioner's 2012 sentence from that same court.  ECF No. 1 at 41.

On March 11, 2015, the California Court of Appeal affirmed the judgment in an unpublished decision.  *People v. McCowan*, No. A138648, 2015 WL 1088086 (Cal. Ct. App. Mar. 11, 2015).  On July 8, 2015, the California Supreme Court denied review.  *McCowan I*, ECF No. 55 at 2.  On March 21, 2016, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on May 18, 2016.  *McCowan I*, ECF No. 55 at 2.

On May 5, 2016, Petitioner filed *McCowan I* in this court.  *McCowan I* challenged his 2013 San Mateo County conviction on the following grounds: (1) that he received ineffective assistance by trial counsel Hayden and by trial counsel DeMeester; (2) that he received ineffective assistance by appellate counsel; (3) that the trial court erred when, on October 15, 2012, it failed to conduct a "proper" *Marsden* inquiry; (4) that the trial court erred when it denied Petitioner's October 15, 2012 motion to continue the trial; (5) that the prosecutor's reference to Petitioner's use of his left hand constituted prosecutorial misconduct; (6) that the trial court erred in failing to rule on Petitioner's motion for a new trial based on counsel's failure to consult an injury expert;

2

(7) that there was insufficient evidence of the prior convictions; and (8) that Petitioner's sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. *McCowan I*, ECF No. 1. On August 20, 2018, the Court denied *McCowan I* on the merits, denied a certificate of appealability, and entered judgment in favor of respondent. Petitioner appealed, and on August 22, 2019, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability, finding that Petitioner had not made a substantial showing of the denial of a constitutional right. *McCowan I*, ECF No. 65.

Petitioner sought resentencing or modification of his sentence from the San Mateo County Superior Court pursuant to Proposition 57. On June 26, 2019, the San Mateo County Superior Court denied Petitioner's motion for resentencing. ECF No. 1 at 57.

On or about January 3, 2022, Petitioner filed a state habeas petition with the San Mateo County Superior Court, arguing that the trial court erred in sentencing him to 36 years to life because the sentence is grossly disproportionate to his crime, a nonserious felony within the meaning of Cal. Penal Code § 273.5(a); and that the trial court erred in denying his resentencing request because resentencing is mandated by The Three Strikes Reform Act of November 2012 and by Proposition 57, in that both these statutes exclude the imposition of an enhancement, consecutive sentence, or alternative sentence. On March 15, 2022, the state superior court summarily denied the petition. ECF No. 1 at 60-61, 66.

On or about March 25, 2022, Petitioner filed a habeas petition with the California Court of Appeals, raising the same arguments as raised in the habeas petition in the San Mateo County Superior Court. ECF No. 1 at 59-64. On April 12, 2022, the state appellate court summarily denied the petition. ECF No. 1 at 70-73. Petitioner then filed a habeas petition in the California Supreme Court, which was summarily denied on August 10, 2022. ECF No. 1 at 75.

Petitioner filed the instant habeas petition in this action on or about April 7, 2023. *See generally* ECF No. 1.

## DISCUSSION

### A.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3

1   custody pursuant to the judgment of a state court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

3   *Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing

4   the respondent to show cause why the writ should not be granted, unless it appears from the

5   application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

6   **B.       Petitioner's Claims**

7           Petitioner alleges that his sentence of 36-years-to-life and the denial of his Proposition 57

8   resentencing petition violated the Eighth Amendment's prohibition on cruel and unusual

9   punishment because his sentence is disproportionate to his crime.  Petitioner alleges that his

10  disproportionate sentence violates the Fourteenth Amendment's Due Process Clause and Equal

11  Protection Claus; and that the summary denial of his habeas petition by the state courts violated

12  Cal. R. Ct. 4.551(f) and Supreme Court precedents under 28 U.S.C. §2254(d)(1), (2).  Petitioner

13  cites to the following cases in support of his petition: *Williams v. Taylor*, 529 U.S. 362 (2000);

14  *Coleman v. Thompson*, 501 U.S. 772, 752 (1991); *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991);

15  *Willson v. Seller*, 138 S. Ct. 1188 (2018); and *Shoop v. Cunningham*, 143 S. Ct. 37 (2022).  ECF

16  No. 1 at 3, 5-7.

17  **C.       Dismissal**

18          The petition is dismissed with prejudice because the claims raised are either second or

19  successive or fail to state a claim for federal habeas relief.

20          **1.       Eight Amendment Claim**

21          Petitioner alleges that his sentence violates the Eighth Amendment's cruel and unusual

22  punishment in two ways.  First, he argues that his sentence of 36 years to life is disproportionate to

23  his crime, a nonserious felony.  Second, he argues that the state courts failed to correct this error

24  when they denied his Proposition 57 resentencing petition.

25          The first claim is barred as second or successive.  A federal habeas petition is "second or

26  successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time

27  of the initial petition, [] and if the petition challenges the same state court judgment as the initial

28  petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551

United States District Court
Northern District of California

4

U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (habeas petition second or successive if raises claims that were or could have been adjudicated on merits in prior petition). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The district court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals. *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020).

Petitioner has previously filed a federal habeas petition, *McCowan I*, challenging his 2012 conviction and related 2013 sentence of 36 years to life from San Mateo County Superior Court. In *McCowan I*, Petitioner did not raise an Eighth Amendment challenge to his sentence as disproportionate to his crime in *McCowan I*, even though the factual predicate of this claim – that his sentence was disproportionate to his sentence – was known to him at the time he filed *McCowan I* and the claim does not rely on a new rule of law.[2] In addition, Petitioner has not

---

[2] Petitioner's Eighth Amendment claim also fails on the merits. The Supreme Court has held that California's Three Strikes Law, which imposes a sentence of 25 years to life for persons with a

United States District Court
Northern District of California

1    obtained authorization from the Ninth Circuit Court of Appeals before filing a second petition.  28

2    U.S.C. § 2244(b)(3).  The claim that Petitioner's sentence of 36 years to life is disproportionate to

3    his conviction offense is DISMISSED as second or successive without prejudice to re-filing if

4    Petitioner obtains authorization from the Ninth Circuit Court of Appeals to bring this claim.

5         The second claim regarding the denial of the Proposition 57 petition is DENIED for lack of

6    federal habeas jurisdiction.  As an initial matter, Petitioner misunderstands Proposition 57.

7    Proposition 57 makes parole more available for certain felons convicted of nonviolent crimes by

8    giving prisoners convicted of nonviolent felony offenses a state law right to be "eligible for parole

9    consideration after completing the full term for his or her primary offense."  Cal. Const. art. I, §

10   32(a)(1).[3]  Proposition 57 does not provide for existing prisoners to be resentenced.  *See Travers v.*

11   *Calif.*, No. 17-CV-06126-SI, 2018 WL 707546 at *2–*3 (N.D. Cal. Feb. 5, 2018) (listing

12   unpublished state court cases holding that Proposition 57 creates mechanism for parole

13   consideration, not for resentencing).  Regardless, Proposition 57 claims are not cognizable on

14   federal habeas review because denial of Proposition 57 relief only states a claim of state law error,

---

16   felony conviction who also have two prior serious or violent felony convictions, does not violate
     the Eighth Amendment's proportionality principle.  *See Ewing v. Calif.*, 538 U.S. 11, 25-31 (2003)
17   (holding that sentence of 25 years to life in prison under the three strikes law, imposed for felony
     grand theft – theft of three golf clubs, "wobbler" offense under California law – not grossly
18   disproportionate and thus did not violate Eighth Amendment prohibition on cruel and unusual
     punishment).
19   [3] Proposition 57 added Article I, section 32 to the California Constitution. That section provides:
         § 32. Public Safety and Rehabilitation Act of 2016
20       (a) The following provisions are hereby enacted to enhance public safety, improve
     rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding
21   anything in this article or any other provision of law:
             (1) Parole Consideration: Any person convicted of a nonviolent felony offense and
22           sentenced to state prison shall be eligible for parole consideration after completing
             the full term for his or her primary offense.
23               (A) For purposes of this section only, the full term for the primary offense
                 means the longest term of imprisonment imposed by the court for any
24               offense, excluding the imposition of an enhancement, consecutive sentence,
                 or alternative sentence.
25           (2) Credit Earning: The Department of Corrections and Rehabilitation shall have
             authority to award credits earned for good behavior and approved rehabilitative or
26           educational achievements.
         (b) The Department of Corrections and Rehabilitation shall adopt regulations in
27   furtherance of these provisions, and the Secretary of the Department of Corrections and
     Rehabilitation shall certify that these regulations protect and enhance public safety.
28   Calif. Const., Art. I  § 32.

6

and there is no federal habeas jurisdiction for state law errors. *See, e.g.*, *Reed v. Koenig*, No. 21-01740 EJD (PR), 2021 WL 3209900, at *2 (N.D. Cal. July 29, 2021) (Proposition 57 claim relief fails to state claim for federal habeas relief because federal habeas writ unavailable for violations of state law, or for alleged error in interpretation or application of state law, or for alleged error in state post-conviction review process); *Shakur v. Samuel*, C No. CV 20-8673-MWF (JPR), 2021 WL 3728880, at *2 (C.D. Cal. May 28, 2021) (eligibility for Proposition 57 relief is state law issue which is not cognizable on federal habeas); *Davis v. Neuschmid*, No. 2:18-CV-2682 AC, 2021 WL 1931504, at *1 (E.D. Cal. Apr. 7, 2021) (same).  Federal habeas jurisdiction is also lacking because the grant of Proposition 57 relief will not necessarily result in Petitioner's earlier release from prison.  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  Where the prisoner's claim would not necessarily spell speedier release, suit may be brought under § 1983.  *Skinner*, 561 U.S. at 533-34.  Proposition 57 only hastens an inmate's eligibility for parole consideration.  Eligibility for a parole hearing pursuant to Proposition 57 would ensure Petitioner a parole hearing but would not require Petitioner's immediate release from prison.  Petitioner must still be found suitable for parole before he may be released from prison.  Petitioner's claim therefore falls outside the core of habeas corpus.  If Petitioner believes that he has been impermissibly denied early parole consideration pursuant to Proposition 57, his only potential recourse in federal court is to file a complaint pursuant to 42 U.S.C. § 1983.  *See, e.g., Skinner*, 561 U.S. at 533-34.

### 2.      Fourteenth Amendment Claim

Petitioner also alleges that his rights under the Fourteenth Amendment's Due Process Clause and Equal Protection Clause have been violated because his detention is illegal.  He argues that his detention is illegal because his sentence violates the Eighth Amendment, and because the state courts failed to address his habeas claims on the merits as required by Cal. R. Ct. 4.551(f).

These claims fail on the merits.  Petitioner's allegations do not state cognizable due process claims.  A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

United States District Court
Northern District of California

Petitioner's claim that his sentence is disproportionate to his crime states an Eighth Amendment claim, not a due process or equal protection claim.  Petitioner's claims that the state courts erred in refusing to resentence him pursuant to Proposition 57 and that the state courts failed to address his habeas claims on the merits as required by Cal. R. Ct. 4.551(f) allege state law error, not federal law claims.  Nor do Petitioner's claims state an equal protection claim.  The Equal Protection Clause does not assure uniformity of judicial decisions or immunity from judicial error; otherwise, every alleged misapplication of state law would constitute a federal constitutional question.  *See Alford v. Rolfs*, 867 F.2d 1216, 1219 (9th Cir. 1989); *see, e.g., Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (petitioner cannot establish equal protection warranting habeas relief simply because, of if, Nevada Supreme Court misapplied Nevada law or departed from its past precedents).

### 3.    Additional Arguments

Petitioner argues that the state courts' denial of relief violates 28 U.S.C. §2254(d)(1) and cites certain federal cases in support of this argument.  28 U.S.C. § 2254(d) provides that a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  However, the Court can only review federal habeas petitions challenging state court judgments if there is federal habeas jurisdiction, i.e., the petition alleges that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States, 28 U.S.C. § 2254(a); and if the petition or claims are neither second nor successive within the meaning of 28 U.S.C. § 2244(b).  As discussed *supra*, this petition is both second or successive, and lacks federal habeas jurisdiction.  The cases cited by Petitioner – *Williams v. Taylor*, 529 U.S. 362 (2000); *Coleman v. Thompson*, 501 U.S. 772, 752 (1991); *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Willson v. Seller*, 138 S. Ct. 1188 (2018); and *Shoop v. Cunningham*, 143 S. Ct. 37 (2022) – do not

1   hold otherwise.  In addition, Section 2254(d) does not require state courts to address Petitioner's

2   claims on the merits.  *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 98 (2011) (when federal claim

3   has been presented to state court and state court summarily denied relief, may be presumed that

4   state court adjudicated claim on merits in absence of any indication or state-law procedural

5   principles to contrary) (one-sentence order denying habeas petition analyzed under § 2254(d)).

6                          **CERTIFICATE OF APPEALABILITY**

7          The federal rules governing habeas cases brought by state prisoners require a district court

8   that issues an order denying a habeas petition to either grant or deny therein a certificate of

9   appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

10         A judge shall grant a certificate of appealability "only if the applicant has made a

11   substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

12   certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district

13   court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)

14   is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district

15   court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S.

16   473, 484 (2000).

17         Here, Petitioner has not made such a showing, and, accordingly, a certificate of

18   appealability will be denied.

19                                **CONCLUSION**

20         For the foregoing reasons, the Court orders as follows.

21         1.      The Clerk of the Court is directed to substitute Warden Pat Horn as respondent

22   because he is Petitioner's current custodian.

23         2.      The Court GRANTS Petitioner leave to proceed *in forma pauperis*.  ECF Nos. 2, 4.

24         3.      The Court DISMISSES the petition for a writ of habeas corpus for lack of federal

25   habeas jurisdiction and as second or successive.  The dismissal is without prejudice to Petitioner

26   filing a new civil rights action asserting his challenge to the denial of a parole hearing pursuant to

27   Proposition 57, if he believes that such denial violates either the United States Constitution or

28   federal law.

*United States District Court*
*Northern District of California*

4.      The Court DENIES a certificate of appealability.

5.      The Clerk shall enter judgment in favor of Respondent and against Petitioner; and close the case.

This order terminates ECF Nos. 2, 4.

**IT IS SO ORDERED.**

Dated:  August 1, 2023



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

10